UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-CR-20438-MIDDLEBROOKS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAIME LICONA-SOTOMAYOR,

    Defendant.
_____/

## REPORT AND RECOMMENDATION OF CHANGE OF PLEA

**THIS CAUSE** is before the undersigned upon an Order of Reference from the Honorable Donald M. Middlebrooks, United States District Judge for the Southern District of Florida, to conduct a hearing for acceptance of a guilty plea by the defendant in the above-referenced case. **[DE 168]**. This Court, having conducted a change of plea hearing on September 23, 2010, makes the following recommendation:

1.     On September 23, 2010, this Court convened a hearing to permit Defendant to enter a change of plea in this case. This Court advised Defendant of the right to have these proceedings conducted by the District Judge assigned to the case. Further, this Court advised Defendant that this Court was conducting the change of plea hearing on an Order of Reference from the District Court and at the agreement of Defendant, defense counsel, and the Assistant United States Attorney assigned to the case. This Court further advised

CASE NO.: 10-CR-20438-MIDDLEBROOKS

Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence and would conduct a sentencing hearing at a time set by the District Court.

2. This Court advised Defendant that Defendant did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could require that the change of plea hearing be conducted only by a United States District Judge. Defendant, defense counsel, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to this Court conducting the change of plea hearing.

3. This Court conducted a plea colloquy as to Defendant in accordance with the outline set forth in the Bench Book for District Judges (5th Edition).

4. There is a written plea agreement in this case that has been entered into by the parties in this case. [DE 201]. This Court reviewed the plea agreement on the record and had Defendant acknowledge that Defendant signed the plea agreement. This Court also made certain that Defendant was aware of any minimum mandatory sentence and maximum sentence that could be imposed in this case pursuant to the plea agreement and the applicable statutes.

5. Defendant JAIME LICONA-SOTOMAYOR, pled guilty to Count 1 of the Indictment [DE 3], which count charges Defendant with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349, as follows:

CASE NO.: 10-CR-20438-MIDDLEBROOKS

Count I

From in or around September 2004, and continuing through in or around June 2007, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants, ...JAIME LICONA-SOTOMAYOR..., with the intent to further the object of the conspiracy, did knowingly combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury, to knowingly and with intent to defraud devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that they were false and fraudulent when made, and did transmit and cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals, pictures and sounds, for the purpose of executing the scheme and artifice, in violation of Title 18, United States Code, Section 1343.

6. The government stated a factual basis for the entry of the plea, which included all of the essential elements of the crime to which Defendant is pleading guilty, and any sentencing enhancements and/or aggravating factors that may be applicable. The government also announced the possible maximum penalty in respect to the Indictment. Defendant acknowledged the possible maximum penalty which could be imposed in this case.

7. Based upon all the foregoing and the plea colloquy conducted by this Court, the undersigned recommends to the District Court that Defendant be found to have freely and voluntarily entered a guilty plea to Count 1 of the Indictment, as more particularly described herein, and that Defendant be adjudicated guilty of that offense

8. A pre-sentence investigation is being prepared for the District Court by the

CASE NO.: 10-CR-20438-MIDDLEBROOKS

United States Probation Office, and sentencing for Defendant has been set for **Tuesday, November 16, 2010, at 3:30 p.m., at the United States District Court, Southern District of Florida, in the James Lawrence King Federal Justice Building, 11th Floor, Courtroom 1, 99 N.E. 4th Street, Miami, Florida.** **[DE 202]**.

**ACCORDINGLY**, the undersigned recommends to the District Court that Defendant's plea of guilty be accepted, that Defendant be adjudicated guilty of the offense to which the plea of guilty has been entered, and that a sentencing hearing be conducted for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with United States District Judge Donald M. Middlebrooks. Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F.2d 1144 (11th Cir. 1993); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988).

**DONE AND SUBMITTED** at Miami, Florida, this 24 day of September 2010.

WILLIAM C. TURNOFF
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Donald M. Middlebrooks
Counsel of Record
United States Probation, U.S. District Court